By the Court,
Bronson, J.
It will not be necessary to consider the case in reference to the confidential relation of attorney and client which is said tó exist between Mr. Hazletine and the bank. If the plaintiffs have a right to the discovery which they seek, I think they cannot attain their object in this form of proceeding.
By the act of the last session, the shares which any foreign "corporation may hold in any bank &c., and all trust property, real or personal, and the funds, deposits, moneys or credits, held by or due from any bank, corporation or individual in this state, for any foreign corporation, are subjected to attachments in suits at law against such foreign corporation. (Stat. 1842, p. 227, § 1.) The attachment is to be executed by leaving an attested copy with the cashier of the bank, the secretary of the insurance or other company, or with the individual holding such trust property. (§ 2.) On the application of the sheriff, ££ the cashier, secretary, or clerk, or individual shall furnish him with a certificate under his hand, in his official capacity, if he be an officer,” of the property ££ held by such company, corporation or individual for the benefit of such foreign corporation.” (§ 3.) Although the duty of making the certificate is expressly enjoined, no provision has been made for enforcing performance, and I see no principle upon which we can order an indi *41 vidual, or the officers of a private corporation, to do such' an act. Mr. Hazletine may be liable to an action for withholding the certificate, or the plaintiffs may have a discovery in a court of equity ; but I think they cannot attain their object in this form.
It is of no importance that Mr. Hazletine is an attorney of this court. He is not charged with any violation of the duty which he owes to his clients; but as to this matter he stands before us like any'other individual, and if we can order him to make the certificate, we could make the like order upon any other man who had refused to make discovery concerning property of the defendants supposed to be in his hands.
An officer of the court will sometimes be ordered to do a particular act in relation to some proceeding in court, and performance will be enforced by attachment. A sheriff may be required to return a writ, or an attorney to pay over money which he has collected for his client. And, where there is no prior proceeding in court, a public officer will sometimes be required, by maiidamus to perform a duty enjoined upon him by law. But I am not aware of any principle which will warrant us in acting in this manner upon individuals who sustain no official relation to the court or public, or upon the officers of a private corporation.
Motion denied.